DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.J. REYNOLDS TOBACCO COMPANY,**
Petitioner,

v.

**FORREST J. MCCLAIN** and **GEORGIA MCCLAIN,**
Respondents.

No. 4D20-2191

[February 3, 2021]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE08000931(18).

Scott M. Edson and Victoria C. Smith of King & Spaulding LLP, Washington, D.C., for petitioner.

Willie E. Gary and Charles L. Scott, Jr., of Gary, Williams, Parenti, Watson & Gary, P.L.L.C., Stuart, for respondents.

PER CURIAM.

Having considered the response and reply to this court's order to show cause, the petition for writ of prohibition is granted. As previously recognized by this court in *R.J. Reynolds Tobacco Company v. Alonso*, 268 So. 3d 151 (Fla. 4th DCA 2019), the judge's ex parte communication with the lawyer for the plaintiffs, who is the same lawyer involved in *Alonso*, is sufficient to cause the petitioners to have an objectively reasonable basis to fear the judge cannot be impartial.

*Petition Granted.*

GROSS and MAY, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

In *R.J. Reynolds Tobacco Company v. Alonso*, 268 So. 3d 151 (Fla. 4th DCA 2019), this court disqualified Judge Haury in multiple *Engle* cases

based upon an ex parte communication he had with Steven J. Hammer, an attorney who represented a plaintiff in a different *Engle* progeny case (the *Calloway* case). This ex parte conversation occurred in 2018, and the judge recused himself in the cases involving Mr. Hammer at the time. *Id.* at 153. The judge did not recuse himself in *Engle* cases not involving Mr. Hammer. *Id.* This court determined that Judge Haury should have done so based on his actions after the filing of a petition for writ of prohibition in this court. However, in this court's opinion, it said, "Our decision in this case should not be construed or interpreted to mean that the trial judge should be disqualified in all *Engle* progeny cases that may appear before him." *Id.* at 156.

In this case, in which Mr. Hammer represents a different plaintiff against petitioner, Judge Haury replaced another judge who recused himself in July 2020. Petitioners immediately sought disqualification based upon the ex parte conversation in the *Calloway* case. The judge denied the motion. The majority grants the petition for writ of prohibition.

I would deny the petition, concluding that even under the *Alonso* opinion, Judge Haury is not required to recuse himself from all cases involving Mr. Hammer as a lawyer. The ex parte conversation occurred two years ago, and petitioners did not present any further ex parte contact between the judge and Mr. Hammer. Moreover, it did not establish that their relationship either in 2018 or in 2020 is so close as to require general disqualification from all of Mr. Hammer's cases. The brief conversation in 2018 apparently involved the issue of consolidation of *Engle* cases, which the *Alonso* opinion characterized as a "hot button issue." There is nothing before the court that indicates this continues to be an issue in *Engle* cases. Petitioner does not show that any motion for consolidation is pending either in this case or any other *Engle* case. Further, there is no suggestion that the judge has formed an opinion on the issue or shows bias toward the petitioner.

Therefore, I conclude that the motion is legally insufficient to warrant disqualification. While judges should not engage in ex parte conversations with lawyers, the perpetual disqualification of judges in similar cases involving the same lawyer seems to be a draconian and unnecessary step, giving the opposing party a strategic litigation weapon.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2